# Custard v. Davidson.

The defendant being a resident of the county wherein suit was brought, . at the time of the service of the writ of attachment under the Act of May 8, 1874, P. L. 123, the Justice had no jurisdiction.

ATTACHMENT UNDER THE ACT OF MAY 8, 1874, P. L. 123—
JURISDICTION—SERVICE OF SUMMONS.

Rule to quash writ of attachment and set aside proceedings.
No. 30, December Term, 1900, C. P. Monroe Co.
Eilenberger & Huffman, Attorneys for Plaintiff.
Staples & Erdman, Attorneys for Defendant.
Opinion by CRAIG, J., December 1, 1902.

## STATEMENT OF FACTS:

In this case the same facts appear excepting that the suit was brought by Custard, who was hired as a manager on the place mentioned in No. 4, December Term, 1900, and that the suit was a foreign attachment issued against Davidson by a Justice of the Peace by virtue of the Act of May 8, 1874.

Practically the same questions of law and fact were raised in this question as in No. 4, December Term, 1900.

## OPINION:

In Kennedy et al. v. the defendant, No. 4, Dec. Term, 1900, in this Court, we filed an opinion of even date herewith quashing the writ of summons, because the defendant, at the time of service, was a resident of Monroe county. It was agreed that the depositions taken in that case should be used in the present case. With that evidence before us, upon the question of jurisdiction, we arrive at the same conclusion namely, that at the time of the service of the writ of attachment, the defendant was a resident of Monroe county, and not liable to be sued by such process, according to the Justice's transcript, the only ground of the proceeding was the non-residence of the defendant.

We cannot sustain the exception that the writ was not served by the proper officer. It is directed to T. H. Kinney, Constable of East Stroudsburg, Monroe county, and he served

it.    The suit was brought under the Act of 8 May, 1874, P. L. 123, which directs that the writ shall be served by the "Constable to whom the same shall be directed."    Such was the service in this case, and we therefore hold the service sufficient.

And now, December 1st, 1902, the rule is made absolute, and the writ of attachment is dismissed and the proceedings thereunder set aside.

Reported by Henry J. Kotz, Esq.,
Stroudsburg, Pa.